CYRUS A. STONE *vs.* PHILIP SMITH & others.

Suffolk.    May 31, June 1, 1893. — June 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Constitutional Law — Statute — Voter.*

Article XX. of Amendments to the Constitution of the Commonwealth, providing
   that " No person shall have the right to vote . . . who shall not be able to read
   the Constitution in the English language, and write his name," is valid.

Section 22 of St. 1892, c. 351, providing that registrars of voters shall require cer-
   tain applicants for registration "to read at least three lines, other than the
   title, from an official edition of the Constitution, in such manner as to show that
   he is neither prompted nor reciting from memory," and also " to write his name
   in the register," is constitutional.

FIELD, C. J.    This is a petition for a writ of mandamus
against the respondents, who are the board of registrars of vot-
ers for the city of Lynn.    The petition alleges that the board,
when in session on the twenty-eighth day of September in the
year 1891, refused to enter the petitioner's name on the voting
lists, for the reason that it did not appear that he had paid any
State or county tax within two years, as required by Art. III.
of the Amendments to the Constitution of Massachusetts.    The
petitioner also alleges that the respondents informed him that,
if he should pay a tax, they would also require him to show that
he was able to read the Constitution in the English language,
and to write his name as required by Art. XX. of the Amend-
ments to the Constitution.    The provisions of Art. III., requir-
ing the payment of a State or county tax within two years next
preceding an election as a qualification for the right to vote at
such election for State officers, were abolished by Art. XXXII.
of the Amendments to the Constitution which went into effect
on November 3, 1891, and there is no reason to believe that the
respondents would now refuse to enter the petitioner's name on
the voting lists because he has not paid a tax within two years.

The petitioner, at the argument in this court, presented a
brief in his own handwriting, and read from it, and it was ap-
parent that he could read and write the English language easily
and well.    The petitioner's contention is, that under St. 1892,
c. 351, § 22, the registrars must require such a person as he

is " to read at least three lines, other than the title, from an official edition of the Constitution, in such manner as to show that he is neither prompted nor reciting from memory," and must also require him " to write his name in the register," and that such requirements are in violation of the rights secured to him as a citizen of the United States by the Constitution of the United States. The only provision in the Constitution of the United States, as originally adopted, concerning the qualification of electors in the States, is that the electors of the members of the House of Representatives of the United States " shall have the qualifications requisite for electors of the most numerous branch of the State Legislature." . Art. I. § 2. When the Constitution of the United States was adopted, the qualifications required of an elector of a representative or representatives in the House of Representatives of Massachusetts were that he should be a male person twenty-one years of age, resident in the town where he attempted to vote for the space of one year next preceding the election, and should have a freehold estate within the town of the annual income of three pounds, or any estate of the value of sixty pounds. Const. Mass. pt. 2, c. 1, § 3, art. 4. A constitution with such restrictions on the right to vote was regarded by the framers of the Constitution of the United States as republican in form. Art. XIV. of the Amendments to the Constitution of the United States, § 2, provides that " when the right to vote at any election . . . is denied to any of the male inhabitants of such State, being twenty-one years of age and citizens of the United States, or in any way abridged except for participation in rebellion or other crime, the basis of representation therein shall be reduced in. the proportion which the number of such male citizens shall bear to the whole number of male citizens twenty-one years of age in such State." This distinctly recognizes the right of a State to deny or abridge the right to vote of the male inhabitants who are twenty-one years of age, and it is well known that many of the States have from time to time, by an impartial and uniform rule of prohibition, denied the right to vote to such of their male inhabitants as were thought not to possess the qualifications necessary for an independent and intelligent exercise of the right.

Art. XV. of the Amendments to the Constitution of the United States provides that " The right of citizens of the United States

to vote shall not be denied or abridged by the United States or by any State on account of race, color, or previous condition of servitude." This is the only prohibition on the States contained in the Constitution of the United States which concerns the right to vote. It is settled that the right to vote is not one of the privileges or immunities of citizens of the United States within the meaning of Art. XIV. of the Amendments to the Constitution of the United States. *United States* v. *Cruikshank*, 92 U. S. 542. *United States* v. *Reese*, 92 U. S. 214. *Ex parte Yarbrough*, 110 U. S. 651. *Minor* v. *Happersett*, 21 Wall. 162.

The order dismissing the petition must

*Be affirmed.*

*C. A. Stone, pro se.*

No counsel appeared for the respondents.